# IN RE THURSTON.

---

PATENTS; PATENTABILITY; DOUBLE USE; SUBSTITUTION OF EQUIVALENTS.

1. Where, in a rock crusher, the combination of a crusher shaft, a core portion removably secured thereto, and a mantle portion removably secured to the core portion, is concededly unpatentable, the attachment of a pin and slot-fastening device of a former patent, to retain the mantle on the core, is mere double use, and also an obvious substitution of substantial equivalents.

2. A change in prior devices, in order to be patentable, must be made by

transferring an old device to use in an entirely different and un-
related art. (Distinguishing *C. & A. Potts & Co.* v. *Creager*, 155 U.
S. 597, 39 L. ed. 275, 15 Sup. Ct. Rep. 194.)

3. The fact that a machine has met with instant favor and large sales
may be sufficient to determine patentability in case of doubt thereof;
but it cannot confer patentability on an unpatentable device.

No. 307. Patent Appeals. Submitted November 16, 1905. Decided De-
cember 5, 1905.

HEARING on an appeal from a decision of the Commissioner of
Patents rejecting an application for a patent. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Thomas F. Sheridan, Mr. Charles F. Fitts,* and *Mr.
George F. De Wein* for the appellant.

*Mr. John M. Coit* for the Commissioner of Patents.

Mr. Chief Justice SHEPARD delivered the opinion of the
Court:

The appellant, George H. Thurston, has appealed from a de-
cision of the Commissioner of Patents rejecting all of the claims
of his application. These read as follows:

"1. In a rock and ore breaker, the combination of a crusher
shaft, a core portion removable secured thereto, and a mantle
portion removably secured to the core portion, substantially as de-
scribed.

"2. In a rock and ore breaker, the combination of a crusher
shaft, a core portion removably secured to the crusher shaft and
having an outer tapered periphery, and a mantle of chilled
iron made in the shape of a truncated cone removably secured to
the core portion, substantially as described.

"3. In a rock and ore breaker, the combination of a crusher
shaft, a sleeve-shaped core grooved on its inner bore, key mechan-
ism in the grooves of said core for removably holding the core in

position, and a chilled cast-iron mantle made in the shape of a truncated cone removably secured to the core, substantially as described.

"4. In a rock and ore breaker, the combination of a crusher shaft provided with longitudinal grooves, a core portion formed in the shape of a truncated cone and having a longitudinally grooved bore, key mechanism for removably securing the core portion to the crusher shaft, a mantle portion formed of chilled metal, one of such portions having a vertical groove with inclined walls at its lower portion and the other a lug to engage such grooves, and its inclined walls to removably hold the mantle in position, substantially as described.

"5. In a rock and ore breaker, the combination of a crusher shaft, a core made in the shape of a truncated cone having a central bore to fit the crusher shaft and locking grooves on its outer surface, the lower walls of which are inclined in opposite directions, and a crusher mantle formed of chilled metal and made in the shape of a truncated cone provided with a lug or projection to engage the locking groove of the core portion so as to be removably held in position, substantially as described."

In his brief the appellant admits that claims 1, 2, and 3 were properly rejected, and confines his appeal to claims 4 and 5.

The decisions of the tribunals of the Patent Office fully and fairly discuss each of the claims originally contended for, in the light of the various references showing the state of the prior art, and further discussion by us would serve no useful purpose. We fully concur in the following extract from the Commissioner's decision: "Claims 4 and 5 involve, in addition to the questions disposed of in connection with claim 1, the patentability of the structure set forth in claim 1 when provided with the specific pin-and-slot fastening devices of the Capen patent for retaining the mantle tightly upon the conical surface of the core. The application of the Capen fastening means to the mantle and core of the applicant's machine is, so far as I am able to perceive, mere double use, and, in view of Hadfield and McCulley, 566,-464, is also an obvious substitution of substantial equivalents."

In antagonizing this view, the appellant contends that he has

made a change which amounts to something more than a substitution of the Capen device; a change which, though slight, has been followed by new and most useful results. These results are not apparent. Moreover, the change is not made as in *C. & A. Potts & Co.* v. *Creager,* 155 U. S. 597, 39 L. ed. 275, 15 Sup. Ct. Rep. 194, upon which the appellant relies, by transferring an old device to use in an entirely different and unrelated art; nor is there anything in the record to bear out the assertion that the new crushing machine "has met with instant favor and large sales." Such a fact, if proved, has often been held to determine patentability in case of doubt thereof, otherwise existing. We are advised of no case going any farther than that. See *Durham* v. *Seymour,* 6 App. D. C. 78, 92, and cases cited.

The decision of the Commissioner of Patents will be *affirmed, and the proceedings herein certified to him. It is so ordered.*